IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARYL E. JENKINS,

    Petitioner,

v.                              Civil Action No. 3:18CV169

KEN STOLLE,

    Respondent.

**MEMORANDUM OPINION**

Daryl E. Jenkins, a Virginia inmate proceeding pro se, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 1). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' Bowen v. Johnston, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting Boumediene v. Bush, 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Conversely, "federal courts should

abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Jenkins's submissions failed to indicate that he had presented his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. (See ECF No. 1.)

Accordingly, by Memorandum Order entered on May 9, 2018, the Court directed Jenkins to show cause, within eleven (11) days of date of entry hereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Although Jenkins responded, he failed to provide a coherent explanation as to why his § 2254 Petition should not be dismissed for lack of exhaustion. Accordingly, Jenkins's § 2254 Petition and the action will be dismissed without prejudice for lack of exhaustion.

A certificate of appealability will be denied. The Clerk is directed to send a copy of this Memorandum Opinion to Jenkins.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: June 5, 2008
Richmond, Virginia